**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHANGJUN WANG, | No. 11-72451 |
| Petitioner, | Agency No. A088-271-050 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Changjun Wang, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal of the

immigration judge's denial of his motion to reconsider the denial of his application

for asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reconsider, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and review for substantial evidence factual findings, *Jiang v. Holder*, 611 F.3d 1086, 1091 (9th Cir. 2010).  We grant in part and deny in part the petition for review, and we remand.

Wang's wife was subjected to two forced abortions, in 1988 and 1991.  After Wang protested the second abortion, he was arrested, detained, and kept in a stress position for 24 hours without food or water.  Beyond the fact that the BIA does not appear to have considered the first abortion in evaluating past persecution, substantial evidence does not support the BIA's finding that the second abortion and the mistreatment Wang personally experienced did not rise to the level of past persecution.  *See Jiang*, 611 F.3d at 1095-96 (mistreatment including petitioner's detention and girlfriend's forced abortion).  Thus, the BIA abused its discretion in dismissing his appeal of the IJ's denial of his motion to reconsider.  *See Cano-Merida*, 311 F.3d at 964 (stating the standard for abuse of discretion).  In light of this conclusion and the possibility of a presumption of future fear, we do not address the BIA's finding that Wang failed to establish an independent claim of future persecution.

The BIA did not abuse its discretion in dismissing the appeal with respect to Wang's CAT claim as Wang failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to China. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Thus, we remand Wang's claims for asylum and withholding of removal to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**